# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CHARLENE ROSA,**
**D.O.C. # L06814,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　　Case No. 4:25-cv-4-WS-MAF

**STATE OF FLORIDA**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pro se state prisoner, submitted a handwritten "Emergency Petition for Injunctive Relief" on December 30, 2024 by mailbox rule. ECF No. 1. The case was subsequently transferred here by the Middle District. ECF No. 2. Plaintiff did not file a complaint, use the court form, pay the filing fee, or file a motion for leave to proceed in forma pauperis (IFP). She makes various claims challenging her conviction for First Degree Murder[1] and seeks a stay in a pending Florida Supreme Court case. ECF No. 1. As discussed below, Plaintiff is a three-striker and dismissal is warranted.

If Plaintiff had used the approved court form as required by the Local

---

[1] Plaintiff cites Broward County Case No. 2004-CF-10827. Plaintiff has filed multiple habeas petitions for that conviction. The original was denied on the merits. Rosa v. State of Florida, No. 16-cv-62332-Bloom (S.D. Fla. 2016). The others were denied as successive. E.g., Rosa v. Levenson, 0:21-cv-61478-RNS (S.D. Fla. July 26, 2021).

Rules, she would have had to disclose her litigation history and inform the Court whether she has accumulated "three strikes" under the Prison Litigation Reform Act (PLRA). Such disclosures are necessary because the PLRA prohibits a prisoner from bringing a civil action without prepaying the filing fee "if the prisoner has, on 3 or more prior occasions…brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Judicial notice is taken of the following civil rights cases filed by Plaintiff and dismissed for failure to state a claim or as frivolous: (1) Rosa v. Satz, Case No. 0:20-cv-60163-RKA (S.D. Fla. March 24, 2020) (failure to state a claim); (2) Rosa v. Sec'y Dept. of Corr., Case No. 0:20-cv-60207-RAR (S.D. Fla. April 14, 2020) (failure to state a claim); (3) Rosa v. Sec'y Dept. of Corr., Case No. 0:20-cv-60208-WPD (S.D. Fla. Feb. 4, 2020) (construed § 1983 complaint dismissed for failure to state a claim and noting the filing was identical to 20-cv-60207) (4) Rosa v. Sec'y Dept. of Corr., Case No. 20-10627

(11th Cir. Sept. 30, 2020) (appeal of 20-cv-60208, construed § 1983 complaint, denied as frivolous). All were filed when Plaintiff was a prisoner.[2]

Because Plaintiff has three strikes, she is not entitled to proceed without paying the filing fee at the time of case initiation unless she alleges that she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). There is no such showing here. Therefore, this case should be summarily dismissed without prejudice because Plaintiff did not submit the filing fee at the same time the complaint was filed, and as a three-striker under § 1915(g), Plaintiff is not entitled to belatedly pay the filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice**, and the Order adopting this Report and Recommendation should direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida on January 8, 2025.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Each case cited herein contains Plaintiff's name and DOC inmate number.

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).